**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| In re:   Karl Bunkelman | ) Chapter 13 Case No. 11-10218 |
|            Ellen Severson | ) Hon.  Arthur I. Harris |
|                 Debtor(s) | ) |

### CHAPTER THIRTEEN TRUSTEE'S OBJECTION TO CONFIRMATION

Now comes CRAIG SHOPNECK, the duly appointed, qualified, and standing Chapter 13 Trustee ("the Trustee") herein, and objects to the confirmation of the proposed Chapter 13 Plan and hereby represents the following:

1. The Debtor(s) filed for bankruptcy relief on <u>January 11, 2011</u>.

2. The 341(a) Meeting of Creditors held on <u>February 9, 2011</u> was concluded and the confirmation hearing is scheduled for <u>March 10, 2011</u> at <u>1:00 PM</u>.

3. The Trustee objects to confirmation of the proposed plan on the following grounds:

☐ <u>RECENT TAX RETURN:</u> The Debtor(s) has/have failed to supply the Trustee with a copy of the federal income tax return required under applicable law for the most recent tax year ending immediately before the commencement of the case [11 U.S.C. § 521(e)(2) and §1325(a)(1)].

☐ <u>DSO:</u> The Debtor(s) has/have domestic support obligation(s) and has/have failed to certify, affirm, or testify that all amounts that have become payable under said obligation since the date of the filing of the petition have been paid [11 U.S.C. § 1325 (a)(8)].

☒ <u>PROSECUTION:</u> Without the following information and/or documents the Trustee cannot properly administer the case of the Debtor(s) [11 U.S.C. § 521 (a)(3)]:
  ☐ Recent pay advices for Debtor. Specifically, _____.
  ☐ Recent pay advices for non-filing spouse.
  ☐ Recent federal income tax return for non-filing spouse.
  ☐ Evidence of income from _____.
  ☐ Payment advices and/or other documentation of all income received during the six months prior to the month the bankruptcy petition was filed.
  ☐ Business information for each business owned by Debtor(s):
    ☐ Completed business questionnaire with supporting financial information.
    ☐ Two years recent federal income tax returns.
    ☐ Balance Sheet as of the date of the bankruptcy filing.
    ☐ Income and Expense Statement for the twelve-month period prior to the date of the bankruptcy filing.
    ☐ Projected month-to-month Cash Flow Statement for the twelve-month period following the date of the bankruptcy filing.
    ☐ Other: _____.
    ☐ Other: _____.
  ☐ Affidavit from _____ for his/her contribution of _____ /month.

☐ Depository and/or investment account statements for the month the bankruptcy petition was filed and the ____ months preceding the month the petition was filed.
☒ Other: <u>Provide 2010 federal income tax return</u>.
☐ Other: ____.
☐ Other: ____.
☐ Other: ____.
☐ Other: ____.

☐ NOTICING: The Debtor(s) has/have failed to file a certificate of service evidencing that creditors have been properly served with the:
  ☐ Chapter 13 Plan.
  ☐ Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors and Deadlines.

☐ PLAN: The plan does not comply with Administrative Order 09-04. Specifically, ____.

☐ CONDUIT: The Debtor(s) has/have failed to include conduit payments in paragraph 3C as required pursuant to Administrative Order 09-2, or the conduit payments proposed by the Debtor(s) are either improper or cannot be administered. Specifically, ____.

☐ FEASIBILITY: The plan is not feasible in that it exceeds 60 months [11 U.S.C. § 1322(d)]. For feasibility, the Plan would require a monthly payment of ____.

☐ FIXED PAYMENTS: The plan either does not provide for equal monthly payments to secured creditors, or the fixed payments provided are so large that they cannot be met under the proposed monthly plan payment, while at the same time providing for administrative costs [11 U.S.C. § 1325 (a)(5)].

☐ OMITTED CLAIM(S): The plan fails to provide for claims that should or must be specifically referenced in the plan [11 U.S.C. § 1322(a)(2), § 1322(b)(5), and/or § 1325(a)(5)]. Specifically, ____.

☐ UNFAIR DISCRIMINATION: The plan unfairly discriminates against or in favor of a class of general unsecured claims [11 U.S.C. § 1322(b)(1)]. Specifically, ____.

☐ LIQUIDATION: The Trustee believes that the plan does not provide general unsecured creditors with an amount equal to or greater than they would have received in a Chapter 7 liquidation proceeding [11 U.S.C. § 1325 (a)(4)], Specifically, ____.
The Trustee will not recommend confirmation of the plan unless the amount paid to unsecured creditors is increased to ____ or ____% of unsecured claims, whichever is greater, and the plan payment is increased to ____.

☐ DISPOSABLE INCOME/COMMITMENT PERIOD: The Trustee either does not believe or cannot determine if the Debtor(s) is/are devoting all of his/her/their projected disposable income in the applicable commitment period to the unsecured creditors [11 U.S.C. § 1325(b)(1)(B)]. Specifically, ____.
The Trustee will not recommend confirmation of the plan unless the amount paid to unsecured creditors is increased to ____ or ____% of unsecured claims, whichever is greater, and the plan payment is increased to ____.

☐ GOOD FAITH: The Trustee believes that the Debtor(s) has/have not offered the plan in good faith [11 U.S.C. § 1325(a)(3)]. Specifically, ____.
The Trustee will not recommend confirmation of the plan unless the amount paid to unsecured creditors is increased to ____ or ____% of unsecured claims, whichever is greater, and the plan payment is increased to ____.

☐ WAGE ORDER: There is no wage order in place, as required by Administrative Order 05-4, or the wage order in place is deficient. Specifically, ____.

☒ OTHER: The Debtors' proposed plan would complete in less than 36 months and would not pay unsecured creditors in full. Such a plan cannot be said to have been offered in "good faith," as required by Section 1325 of the Bankruptcy Code, and such a plan should not be confirmed.
☐ OTHER: ____.
☐ OTHER: ____.

4. This is an ongoing objection and is intended to be an objection to any subsequent plan filed by the Debtor(s).

5. The Trustee reserves the right to amend and/or supplement this objection should additional information be provided.

WHEREFORE, the Trustee prays that this Court deny confirmation of the proposed plan for the foregoing reasons and requests that the case be dismissed.

/S/ Craig Shopneck
CRAIG SHOPNECK (#0009552)
Chapter 13 Trustee
200 Public Square, BP Tower Suite 3860
Cleveland OH 44114-2321
Phone (216) 621-4268    Fax (216) 621-4806
Ch13shopneck@ch13cleve.com

**CERTIFICATE OF SERVICE**

I certify that on the 14th day of February, 2011, copies of this Trustee's Objection to Confirmation were served electronically and/or by ordinary U.S. mail to the following:

William J Balena, Attorney for Debtors
(Via Electronic Mail)

Karl L Bunkelman, Debtor
Ellen M. Severson, Debtor
23725 Wolf Road
Bay Village, OH 44140

                                   /S/ Craig Shopneck
                                   CRAIG SHOPNECK (#0009552)

CS/dls
2/14/11